UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>        Petitioner,  )<br>  )<br>   v.  )<br>  )<br>BYRON BUSBY  )<br>LINDA BUSBY,  )<br>  )<br>        Respondent.  )<br>_____ ) | Case No. |

**PETITION FOR JUDICIAL APPROVAL**
**OF LEVY UPON PRINCIPAL RESIDENCE**

The United States of America petitions the Court for an order approving an administrative levy by the Internal Revenue Service upon the residence of taxpayers Byron and Linda Busby (the "taxpayers") to satisfy their unpaid federal income tax liabilities for tax years 2005 through 2008. In support of this petition, the United States submits the accompanying declaration and avers the following:

1. This proceeding is brought at the direction of the Attorney General of the United States and at the request and with the consent of the Chief Counsel of the Internal Revenue Service.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1340 and 26 U.S.C. §§ 6334(e)(1) and 7402(a).

3. 26 U.S.C. § 6331 authorizes the Internal Revenue Service to levy upon all property or rights to property of a taxpayer in order to collect an unpaid tax liability.

26 U.S.C. § 6334, as is pertinent here, exempts from administrative levy by the Internal Revenue Service property used as a principal residence of the taxpayer, unless such levy is to satisfy a liability that exceeds $5,000 and is approved, in writing, by a United States District Court Judge or Magistrate Judge.  *See* 26 U.S.C. §§ 6334(a)(13)(B) & 6334(e)(1).

4. To obtain approval from the Court, the United States must demonstrate that:

    a. the liability is owed;

    b. the requirements of any applicable law or administrative procedure relevant to the levy have been met; and,

    c. no reasonable alternative for the collection of the taxpayer's debts exists.[1]

5. By this petition, the United States seeks approval for the Internal Revenue Service to levy upon the taxpayers' interest in the real property located at 2733 N.E. 34th Street, Fort Lauderdale, Florida 33306 and described more fully as:

    > CORAL RIDGE GALT ADD NO 3 35-47 B LOT E BLK 16 OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA

6. The real property described above is the taxpayers' principal residence and is within the jurisdiction of this Court.

7. The taxpayers filed joint federal tax returns for the 2005 through 2008 tax years and paid the original tax due on these returns. The Internal Revenue Service conducted audits of the returns and based on these audits, on the dates set forth below, the Internal Revenue Service made assessments against the taxpayers for

---

[1] The only decisional guidelines provided by Congress are contained in the legislative history of sections 3401 and 3455 of the Internal Revenue Service Restructuring and Reform Act of 1988. *See* H. Conf. Rep. 105-599, 105th Cong., 2d Sess. 267.  The legislative history also provides that, before seizing a principal residence, the Internal Revenue Service is to "exhaust all other payment options," including installment agreements, offers-in-compromise, and the seizure of other assets of the taxpayer.  S. Rep. 105-174, 105th Cong., 2d Sess. 86-87.

unpaid federal income taxes, penalties and interest for the respective taxable periods listed, in the various amounts plus interest and penalties that continue to accrue from the dates of assessment:

| Tax Period | Assessment Date | Additional Tax Assessed | Accuracy-Related Penalty | Interest |
|---|---|---|---|---|
| 2005 | 7/20/2009 | 60,019.00 | 12,003.80 | 10,648.36 |
| 2006 | 10/13/2008 | 4,667.00 | | 390.72 |
| 2006 | 4/5/2010 | 102,005.00 | 20,401.00 | 21,861.42 |
| 2007 | 2/8/2010 | 124,315.00 | 24,863.00 | 13,511.80 |
| 2008 | 3/29/2010 | 61,285.40 | | 1,767.43 |

8. Notice of the assessments described above and demands for payment thereof, were duly made on the taxpayers as provided by law. Despite notice and demand, the taxpayers have failed to pay in full the foregoing assessed liabilities. As of May 31, 2013, taking into account all payments and credits since the assessment dates, the taxpayers remain indebted to the United States in the amount of $510,872.51, plus accrued statutory interest to the date of payment.

9. In seeking to collect the tax liabilities described in paragraph 8 above, the Internal Revenue Service has followed all requirements of applicable law and administrative procedure relevant to the levy on the subject property.

10. As described more fully in paragraphs 8 through 12 of the attached Declaration of E. Rosas, Internal Revenue Service has attempted to satisfy the taxpayers' unpaid liability described above from assets other than the subject property; however, the taxpayers have refused to cooperate with the Internal Revenue Service's collection efforts and no reasonable alternative exists to satisfy his liabilities.

WHEREFORE, the United States prays that:

A. The Court enter the attached order to show cause; and

B. If no written objection to this petition is filed with the Clerk of the Court within 25 days from the date of service of the order to show cause, the Court enter an order approving the administrative levy on the subject property, to be executed by any authorized officer of the Internal Revenue Service; and

C. If a written objection to the petition is filed with the Clerk of the Court, that the Court set a hearing date for this matter, at which the objections raised shall be considered and after which the Court may enter a further order approving the administrative levy on the subject property, to be executed by any authorized officer of the Internal Revenue Service.

Respectfully submitted,

KATHRYN KENEALLY

By: */s/ Pascale Guerrier*_____
Pascale Guerrier
Trial Attorney, Tax Division
U.S. Department of Justice
555 4th Street, N.W., Room 6214
Washington, D.C. 20001
Telephone: (202) 353-1978
Telecopier: (202) 514-4963
E-mail:Pascale.Guerrier@usdoj.gov

Of Counsel:

WIFREDO FERRER
United States Attorney
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Telephone: (305) 961-9000
Telecopier: (305) 530-7087